# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

April 6, 2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:      CV. 04-00091 HG-KSC

CASE NAME:        Regina Smith v. John F. Peyton, Jr. et al.


ATTYS FOR PLA:    Alexander Silvert

ATTYS FOR DEFT:   Daniel H. Shimizu

---

JUDGE:    Helen Gillmor         REPORTER:

DATE:     April 6, 2006         TIME:

---

## MINUTE ORDER

The Court has reviewed Petitioner's habeas petition under 28 U.S.C. § 2254, filed February 6, 2004, the Magistrate Judge's "Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus", filed May 12, 2005, and "Petitioner's Response to Magistrate's Findings and Recommendation to Dismiss Petition for Write of Habeas Corpus Filed May 12, 2005."

In Petitioner's Response, Petitioner states that she raised Grounds Three and Four of her habeas petition in her "Petition for Writ of Certiorari to the Circuit Court of the First Circuit of the State of Hawaii", dated October 1, 2001, which the Hawaii Supreme Court construed as her opening brief. (Doc. 16 at Exhibit BB.)

Petitioner's habeas petition sets forth Grounds Three and Four as follows:

Ground Three:  In violation of the confrontation clause of the Sixth Amendment to the United States Constitution and the due process clause of the

1

Fourteenth Amendment to the United States Constitution, the children's guardian *ad litem* bolstered and vouched for the complainants credibility in front of the jury.

<u>Supporting facts</u>:  At trial, the complainant's guardian *ad litem* "high-fived" one of the complainants at the completion of her testimony in front of the jury.  The guardian *ad litem* also made "small talk" with the same complainant during a bench conference and in the presence of the jury.  The trial court denied counsel's motion for a mistrial based on the guardian *ad litem's* testimonial behavior.

<u>Ground Four</u>:  In violation of the right to counsel clause of the Sixth Amendment and the due process of the Fourteenth Amendment to the United States Constitution, trial counsel rendered Smith ineffective assistance.

<u>Supporting facts</u>:  Trial counsel did not hire or consult an expert to counter and rebut Dr. Bidwell's testimony.  Trial counsel did not call or investigate potential exculpatory witnesses, to wit, Jane Pacheco, the children-complainant's maternal grandmother, with whom the children had lived and from whom Child Protective Services took the children in 1990.

The Court has reviewed Petitioner's opening brief and is unable to find where Petitioner fairly presented Grounds Three and Four so as to satisfy the exhaustion requirement.

Petitioner also states that Grounds Three and Four were procedurally defaulted in state court and requests a hearing to show "cause and actual prejudice".

Petitioner has until **April 21, 2006:**

(1)  to identify the exact place in which she raised Grounds Three and Four in her opening brief to the Hawaii Supreme Court; and

(2)  to brief the issue of whether Grounds Three and Four are procedurally barred.

Petitioner's filing shall contain appropriate citations to the record and to applicable law.

Submitted by: David H. Hisashima, Courtroom Manager

cc:  Above counsel; Judge Gillmor's chambers