IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REGINA SMITH, ) | CIVIL NO. 04-00091 HG-KSC |
| ) | |
| Petitioner, ) | **ORDER ADOPTING IN PART** |
| ) | **MAGISTRATE JUDGE'S FINDINGS** |
| vs. ) | **REGARDING PETITION FOR WRIT** |
| ) | **OF HABEAS CORPUS** |
| JOHN F. PEYTON, JR., Director, ) | |
| Department of Public Safety, ) | |
| State of Hawai'i, and MILLICENT ) | |
| NEWTON EMBRY, Warden, Mabel ) | |
| Bassett Correctional Center, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S FINDINGS REGARDING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Regina Smith ("Smith") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 stating six grounds for relief. Respondents answered the petition. On May 12, 2005, a United States Magistrate Judge issued a "Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus". The magistrate judge found that Smith had exhausted four of her six grounds for relief, but that two grounds (Grounds Three and Four) were unexhausted. The magistrate judge recommended dismissal without prejudice on the grounds that the petition contained both exhausted and unexhausted claims. Smith has since withdrawn Grounds Three and Four. Because Smith has withdrawn Grounds Three and Four, her petition no longer contains

1

unexhausted claims and her petition may proceed on the remaining claims.

This Court **ADOPTS** the magistrate judge's "Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus" as to Grounds One, Two, Five, and Six.  Smith has voluntarily withdrawn Grounds Three and Four.  Smith may proceed on Grounds One, Two, Five, and Six.

## BACKGROUND AND PROCEDURAL HISTORY

On September 29, 1993, a jury found Smith guilty of the sexual assault of her minor daughters, Alisha and Jana, between January 1, 1990, and July 20, 1991.  Smith was convicted of five counts of sexual assault in the first degree, in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 707-730(1)(b), and five counts of sexual assault in the third degree, in violation of Haw. Rev. Stat. § 707-732(1)(b).

On November 29, 1993, the Circuit Court of the First Circuit ("circuit court") granted the State's motion to impose an extended term of imprisonment on Smith, pursuant to Haw. Rev. Stat. § 706-662(4)(a) and (b).  The circuit court found that Smith was a "multiple offender" because she had been convicted of five class A and five class C felonies.  The court further found that an extended term of imprisonment was necessary for the protection of the public.

The trial judge enumerated several factors for her decision,

specifically, Smith's: (1) "poor prognosis for positive behavioral changes;" (2) "utter lack of victim empathy" which posed "a danger to the community;" and (3) "extensive history and admission of substance abuse." Resp. Ex. M at 28. She also noted the "trauma and the emotional and irreparable injury" to Smith's children, and her abuse of her trust to them. Id. She then sentenced Smith to life with the possibility of parole for each of the first degree sexual assault charges, to be served consecutively, and ten years for each of the third degree sexual assault charges, to be served concurrently with all other sentences.

Smith appealed, and on January 13, 1997, the Supreme Court of the State of Hawaii affirmed the judgment of conviction by summary disposition order. Smith filed a motion for reconsideration on January 27, 1997, which was denied. Notice of Judgment and Appeal was filed on January 31, 1997. Smith did not seek a writ of certiorari with the United States Supreme Court.

On May 6, 1997, Smith filed a Hawaii Rules of Penal Procedure ("H.R.P.P.") Rule 35 motion for correction or reduction of sentence in the circuit court. Smith's Rule 35 motion was denied on April 13, 1998. She did not appeal this decision.

On January 30, 1998, Smith filed her first federal petition for writ of habeas corpus, before a decision in her H.R.P.P. Rule 35 motion was issued. See Smith v. Kaneshiro, Civ. No. 98-00092.

This petition was dismissed without prejudice as unexhausted on January 3, 2001.

On April 1, 1998, while both her Rule 35 motion and her federal habeas petition were still pending in their respective courts, Smith filed her first H.R.P.P. Rule 40 petition ("First Rule 40 Petition") for post-conviction relief.  This petition was ultimately dismissed by the Hawaii Supreme Court on procedural grounds, on April 24, 2002.

Smith filed a second Rule 40 Petition on July 3, 2002.  The circuit court denied the petition on March 20, 2003.  Smith appealed, and the Hawaii Supreme Court affirmed the circuit court on February 2, 2004.

On February 6, 2004, Petitioner Regina Smith ("Smith") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court ("Petition").

On June 1, 2004, the State of Hawaii filed its Answer to the Petition.

On May 12, 2005, a United States Magistrate Judge issued a Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus ("F&R").

On August 30, 2005, after an extension of time, Smith filed "Petitioner's Response to Magistrate's Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus filed on May 12, 2005" ("Objection").

On April 6, 2006, having reviewed and considered the F&R and Objection, the Court entered a Minute Order directing Petitioner to identify the exact place in which she raised Grounds Three and Four in her opening brief to the Hawaii Supreme Court and to brief the issue of whether Grounds Three and Four are procedurally barred.

On April 21, 2006, Smith filed "Petitioner's Response to Court's Minute Order Issued on April 6, 2006".  Smith responded to the April 6, 2006 Minute Order by acknowledging that Grounds Three and Four were not in fact raised in her opening brief to the Hawaii Supreme Court as previously represented and by withdrawing Grounds Three and Four of her Petition.

I.   **Direct Appeal**

On direct appeal, Smith argued that the trial court reversibly erred by: (1) admitting testimony about the victims' subsequent, allegedly "sexualized," behavior and by allowing the prosecutor to argue that this behavior was evidence of sexual abuse, without establishing this theory through expert testimony; (2) permitting the state's expert medical witness to testify about the victims' hearsay statements regarding their alleged sexual abuse and the identity of their abusers; (3) allowing the state's medical expert to offer his opinion that the victims' statements were consistent with his medical findings; (4) failing to instruct the jury that Smith could not be found guilty of

sexual assault for actions taken in the normal care of the children's hygiene; and (5) sentencing Smith to an extended term of sentence.  See Resps.' Exh. P at 29.

The Hawai`i Supreme Court affirmed Smith's conviction by summary disposition order on January 13, 1997, and denied Smith's motion for reconsideration on January 30, 1997.

## II. First Rule 40 Petition

As stated above, Smith filed her First Rule 40 Petition on April 1, 1998.  Smith argued: (1) the ineffective assistance of trial and appellate counsel; (2) the "denial of certain rights provided under Hawaii Court Rules," that impeded her ability to file a H.R.P.P. Rule 40 petition; and (3) the trial court's improper allowance of a prosecution witness's "bolstering and vouching for" the victim's credibility.  Resps.' Exh. X. 7-11. On February 22, 2001, the circuit court denied Smith's First Rule 40 Petition.

Smith appealed, filing a "Petition for Writ of Certiorari to the Circuit Court of the First Circuit of the State of Hawai`i" in the Hawaii Supreme Court ("State Pet. for Cert.").  On appeal, Smith alleged that: (1) her "Fourth (sic) [and] Sixth Amendment right[s] to confrontation and due process" were violated by admission of improper hearsay testimony; and (2) the trial court erred by admitting certain testimony without accompanying, verifying expert testimony.  See Resps.' Exh. BB.

On October 1, 2001, the Hawaii Supreme Court ordered that Smith's State Pet. for Cert. be filed as her Opening Brief in Sup. Ct. No. 24155. The Hawaii Supreme Court also ordered that Smith serve, within thirty days after entry of the order, copies of her Opening Brief on the State and submit two copies of the document to the clerk.

Smith failed to comply with the October 1, 2001 Order. On December 11, 2001, the Hawaii Supreme Court granted the State's motion for relief from default and again ordered Smith to serve a copy of the Opening Brief on the State. The court also directed Smith to explain why she had failed to comply with the October 1, 2001 Order. The court warned Smith that the failure to file a response or to show good cause for her failure could result in dismissal of her appeal. After granting an extension of time to respond to the December 11, 2001 Order, the court ultimately dismissed Smith's appeal for her failure to serve a copy of the Opening Brief on the prosecution and to timely respond to the order to show cause. Thus, the Hawai'i Supreme Court did not reach the merits of Smith's First Rule 40 Petition.

**III. Second Rule 40 Petition**

On July 3, 2002, Smith filed another Rule 40 petition in SPP No. 02-1-0051 ("Second Rule 40 Petition"). See Resps.' Exh. HH. Smith argued that the trial judge's imposition of enhanced sentencing was illegal because the determination of whether she

was a danger to the community should have been determined by a jury.  Smith claimed that she had not previously presented this issue because she was unaware of "new state and federal law prohibiting a judge to enhance a sentence based upon facts that should have been decided by a jury."  She also stated that she did not have adequate access to legal materials and that she had been denied the appointment of an attorney.

Although Smith had not *explicitly* raised the issue, the State concluded that Smith was making a veiled claim for relief pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and in its Answer, argued that Apprendi did not apply to Smith's conviction and sentence.  See Resps.' Exh. II at 11-14.

On March 20, 2003, the circuit court denied Smith's Second Rule 40 Petition.  The circuit court held that Hawaii's sentencing scheme, which allows for extended sentences when certain statutory criteria are met, does not violate the "constitutional concerns confronted in Apprendi."  Resps.' Exh. JJ; Cir. Ct.'s Find'gs. of Fact, Concls. of Law and Ord. Dny'g Pet. for Post-Conv. Rlf., State v. Smith, SPP No. 02-1-51.

Smith appealed this decision on August 5, 2003.  In her Opening Brief, Smith explicitly argued that her constitutional rights, as guaranteed by both the United States and Hawaii constitutions had been violated, pursuant to Apprendi, and its progeny.  Smith alleged that the trial judge had imposed an

8

extended term of imprisonment without a jury determination of whether the imposition of an extended term was necessary for the protection of the public.  The Hawaii Supreme Court denied Smith's appeal on February 2, 2004, by summary disposition order. Notice and Judgment of Appeal was filed on February 27, 2004.

**IV.  Magistrate Judge's Findings and Recommendation**

Smith's Petition claims six grounds for relief.  The F&R concluded that Smith had exhausted four of her six grounds for relief, but that two grounds (Grounds Three and Four) were unexhausted.

Because the magistrate judge found that Smith's Petition contained both exhausted and unexhausted claims, the F&R recommended that the Court dismiss the Petition, without prejudice.

The F&R, however, also gave Smith two options.  The F&R directed Smith to notify the Court within thirty (30) days as to whether: (1) she would voluntarily delete Grounds Three and Four of her Petition and proceed with Grounds One, Two, Five, and Six only or (2) she would voluntarily dismiss Grounds Three and Four from her Petition and move this Court to stay the Petition and hold it in abeyance until she has fully exhausted her claims in the state courts.

Although Smith initially objected to the F&R, contending that she exhausted Grounds Three and Four in state court, Smith

9

has since withdrawn Grounds Three and Four and elected to proceed with Grounds One, Two, Five, and Six only.  Because Smith withdrew Grounds Three and Four before the Court entered an order accepting or rejecting the findings and recommendation of the F&R, the Court need not consider the magistrate judge's findings and recommendation as to Grounds Three and Four.

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective.  See also Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Court for the Eastern District of California ("Gordon"), 107 F.3d 756, 760 (9th Cir. 1997).  The petitioner must exhaust available state remedies as to every claim raised in the habeas petition.  Gordon, 107 F.3d at 760 (citing Coleman v. Thompson, 501 U.S. 722 (1991)).

Although a petitioner need not exhaust all possible methods of state relief, exhaustion requires him or her to "fairly present" each issue in the federal petition to the highest court of the state.  Baldwin v. Reese, 541 U.S. 27, 27-28 (2004). Petitioners must alert the state courts to the fact that they are asserting a federal claim in order to fairly present the legal

basis of the claim.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001).  A petitioner must make the federal basis of his or her claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  See Lyons, 232 F.3d at 668, 670.

Under LR74.2 "[a] district judge shall make a de novo determination of those portions of the . . . specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## ANALYSIS

### I.  The Petition

The instant Petition claims six grounds for relief.  Smith alleges that the Sixth and Fourteenth Amendments were violated when: (1) the State's medical expert testified that the victims had identified Smith and co-defendant Nakamura as their abusers (Confrontation Clause and due process violations); (2) the victims' foster mother testified about the children's sexual "acting out" behavior (due process violation); (3) the guardian ad litem "vouched" for the victims' credibility when he "high-fived" and made small talk with one of the girls in front of the jury (Confrontation Clause and due process violations); (4) trial

counsel did not hire or consult an expert to rebut the State's medical expert's testimony and did not call or investigate the victims' grandmother, who was a potential exculpatory witness (ineffective assistance of counsel and due process violations); (5) the sentencing court imposed an extended sentence without considering statutorily required factors and on insufficient evidence(due process violation); and (6) the sentencing judge imposed Smith's extended sentences on his own statutory factual finding, rather than on facts found by the jury ("trial-by-jury" clause and due process).

## II.  The F&R and Smith's Objections

Smith does not object to the F&R with regard to Grounds One, Two, Five, and Six.  The Court need not consider Smith's initial objections to Grounds Three and Four because Smith has since withdrawn those grounds.  The Court **ADOPTS** the following discussion and findings with regard to Grounds One, Two, Five, and Six as set forth in the F&R:

On direct appeal, Smith argued that the trial court admitted impermissible testimony from the victims' foster mother, detailing the victims' allegedly inappropriate sexual behavior. Resps.' Exh. P, App. Amd. Open. Br. at 31-35.  This testimony was adduced as proof of prior sexual assault.  Smith also argued that the prosecutor was impermissibly allowed to argue, on the basis of this testimony, in the absence of any expert testimony,

thereby vouching for the credibility of this evidence. Id. at 33. Smith claimed that this was a violation of due process as guaranteed by the Fourteenth Amendment to the United States Constitution. Id. at 35. These arguments are essentially the same as Smith's Grounds One and Two in the instant Petition. As such, the court finds that Smith's Grounds One and Two in the instant Petition have been fairly presented to and fully exhausted at the state court.

Next, on direct appeal, Smith argued that the trial judge illegally imposed an extended term sentence on Smith, in violation of "fundamental principles of due process," as guaranteed by the Fifth and Fourteenth amendments. Resps.' Exh. P at 29, 48. This argument is similar to Ground Five in the instant petition. Moreover, in her Second Rule 40 Petition, Smith argued that the trial judge's imposition of an enhanced sentence was illegal because the determination of whether she was a danger to the community should have been determined by a jury, not a judge. This was considered an Apprendi claim, by both the State in its Answer, and by the circuit court in its denial of the Second Rule 40 Petition. On appeal, Smith made her Apprendi claim explicit and argued that her constitutional rights, as guaranteed by both the United States and Hawaii constitutions had been violated.

In Grounds Five and Six of the instant Petition, Smith again

makes an Apprendi claim, albeit again without direct citation to Apprendi.[1]  In Ground Five Smith argues that the trial judge violated the Fourteenth Amendment when she sentenced her to an extended sentence "without having considered statutorily required factors" and on insufficient evidence.  Pet., Gr. Five.  In Ground Six, Smith states that "the trial-by-jury clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment" were violated when the judge imposed an extended sentence, based on facts never presented to the jury.[2]  Pet., Gr. Six.  The Court finds that Grounds Five and Six were fairly presented to the state court and fully exhausted.

## CONCLUSION

For the foregoing reasons:

(1)  The Court **ADOPTS** the May 12, 2005 F&R with regard to

---

[1] It appears that Smith did not explicitly raise an Apprendi claim in this Petition, and instead vaguely cites to the Fifth, Sixth, and Fourteenth Amendments, because she, or her attorney, is well aware that the Ninth Circuit Court of Appeals holds that Apprendi is not retroactive to petitions for collateral relief. Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002) (in the context of a 28 U.S.C. § 2254 petition for habeas relief); United States v. Sanchez-Cervantes, 282 F.3d 664, 668-71 (9th Cir. 2002) (28 U.S.C. § 2255 habeas petition) Smith's conviction was finalized on May 1, 1997, more than three years prior to Apprendi's enunciation of a new rule of constitutional law.  Apprendi does not apply retroactively to Smith's conviction and sentence.

[2] These two claims are somewhat contradictory.  In Ground Five, Smith claims that the trial judge illegally sentenced her to an extended term sentence without considering "statutorily required factors."  In Ground Six, however, Smith states that the trial judge enhanced her sentence after he, rather than the jury, made a factual finding based upon statutorily imposed factors.

      Grounds One, Two, Five, and Six of Smith's Petition for Writ of Habeas Corpus;

(2) Smith has withdrawn Grounds Three and Four;

(3) Smith may proceed on Grounds One, Two, Five, and Six of her Petition for Writ of Habeas Corpus;

(4) The Court **DIRECTS** the parties to resubmit briefs on the merits of Grounds One, Two, Five, and Six.  Petitioner has until **July 10, 2006** to brief the merits of Grounds One, Two, Five, and Six and Respondents have until **August 10, 2006** to file a brief in response.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 9, 2006.



                     /s/ Helen Gillmor
                     Chief United States District Judge

---

SMITH v. PEYTON, CIVIL NO. 04-00091 HG-KSC**; ORDER ADOPTING IN PART MAGISTRATE JUDGE'S FINDINGS REGARDING PETITION FOR WRIT OF HABEAS CORPUS**