# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

BAIL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.     BACKGROUND HISTORY OF SMITH . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.    TRIAL TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        A.     The Testimony Of The Child Witnesses . . . . . . . . . . . . . . . . . . . . 13

        B.     The Testimony Of Dr. Bidwell . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        C.     The Testimony of Mazepa/Foster Mother . . . . . . . . . . . . . . . . . . . 20

        D.     Smith and Nakamura's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . 22

        E.     The Sentencing Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

        F.     Brief Appellate History/Direct Appeal . . . . . . . . . . . . . . . . . . . . . . 26

        G.    Brief Appellate Review/Second Rule 40 Petition . . . . . . . . . . . . . 26

## **TABLE OF CONTENTS**
### (Continued)

**PAGE**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

I.  THE STATE TRIAL COURT VIOLATED SMITH'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT TO CONFRONTATION AND DUE PROCESS OF LAW BY ADMITTING HEARSAY TESTIMONY WHICH VOUCHED FOR THE CREDIBILITY OF THE TWO CHILD VICTIMS BY A PROSECUTION WITNESS WHO DID NOT EXAMINE THE CHILDREN FOR TREATMENT PURPOSES . . . . . . . . . . . . . . . . . . . . . 29

   A.  Dr. Bidwell Did Not Provide "Medical Treatment" Or "Diagnosis" To The Children Within The Meaning Of Rule 803(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

   B.  Even if Dr. Bidwell Could Testify In The First Instance Under Rule 803(4), He Should Not Have Been Permitted To Testify As To The Hearsay Statements Of The Children As The State Failed To Adduce Evidence As To Their Trustworthiness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

   C.  Given The Trial Record, It Was Entirely Improper For Dr. Bidwell To Testify As To The Hearsay Statements Of The Children As To The Identities Of Who Had Committed The Offense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

   D.  The Admission Of Dr. Bidwell's Testimony Undermined The Fundamental Fairness Of The Verdict. . . . . . . . . . . . . . . . . . . . 55

II. IT WAS REVERSIBLE ERROR TO PERMIT INTO EVIDENCE THE ALLEGED "ACTING OUT" BEHAVIOR OF THE CHILD WITNESSES AND TO PERMIT THE PROSECUTOR TO ARGUE THAT SUCH ACTS CONSTITUTED EVIDENCE OF SEXUAL ABUSE WITHOUT EXPERT TESTIMONY CHARACTERIZING THE BEHAVIOR AS SUCH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

## **TABLE OF CONTENTS**
(Continued)

**PAGE**

III.  THE SENTENCING COURT IMPROPERLY IMPOSED CONSECUTIVE LIFE SENTENCES WITHOUT FOLLOWING HAWAII STATE PROCEDURES AND STATUTES DETAILING WHEN AND HOW SUCH A SENTENCE CAN BE IMPOSED, IN VIOLATION OF SMITH'S FEDERAL DUE PROCESS RIGHTS . . . . . 71

IV.  IT WAS IMPROPER FOR THE SENTENCING COURT TO IMPOSE AN EXTENDED TERM OF IMPRISONMENT PURSUANT TO H.R.S. § 706-662(4), BECAUSE THE SENTENCING JUDGE HAD TO MAKE A FACTUAL FINDING THAT AN EXTENDED TERM OF IMPRISONMENT WAS "NECESSARY FOR PROTECTION OF THE PUBLIC," A FACT THAT WAS NOT PRESENTED TO NOR FOUND BY THE JURY . . . 81

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

CERTIFICATE OF SERVICE