PERMISSION TO COPY DENIED, HRS 606.13, ETC.



1      IN THE FAMILY COURT OF THE FIRST CIRCUIT

2                    STATE OF HAWAII

3                    ---) (---

4

5   STATE OF HAWAII              )      F.C.C.R. NO. 93-0001
                                 )
6        vs.                     )
                                 )
7   REGINA SMITH,                )
                                 )
8            Defendant.          )
                                 )
9   _____ )
    STATE OF HAWAII              )      F.C.C.R. NO. 93-0001
10                               )
         vs.                     )
11                               )
    FRANCIS NAKAMURA, JR.,       )
12                               )
             Defendant.          )
13                               )
    _____ )
14

15

16              T R A N S C R I P T

17   of the proceedings had in the above-entitled matter on

18   the 27th day of September, 1993, before the HONORABLE

19   LINDA K. C. LUKE, Judge, presiding.

20

21

22

23

24

25

RECEIVED
Dec. 21  10 05 AM '93
PROS. ATTY.
CITY OF HONOLULU



Exhibit "OO"

PERMISSION TO COPY DENIED, HRS 606.13, ETC.

1  APPEARANCES:

2  DAVID MINKIN                    Attorney for the State of
   Deputy Prosecuting Attorney       Hawaii

3

4  JACK TONAKI                     Attorney for Regina Smith
   Deputy Public Defender

5

6  GEORGE PARKER, III              Attorney for Francis
                                      Nakamura, Jr.

7

8

9

10  REPORTED BY:

11  CYNTHIA TANDO
    Official Court Reporter

12  Circuit Court of the
     First Circuit

13  State of Hawaii

14

15

16

17

18

19

20

21

22

23

24

25

-3-

1    MONDAY, SEPTEMBER 27, 1993                    10:47 a.m.

2              (The following proceedings were held in open

3    court out of the presence of the jury:)

4              THE CLERK:  Calling Family Court

5    Criminal Number 93-0001, State of Hawaii versus Regina

6    Smith and Francis Nakamura, Jr. for further jury

7    trial.

8              THE COURT:  Good morning, counsel.

9    Your appearances?

10             MR. MINKIN:  Good morning, Your Honor.

11   David Minkin, Deputy Prosecuting Attorney, on behalf

12   of the State of Hawaii substituting for Jeff Rosell.

13   Also present with me is June Morimatsu, paralegal

14   assigned to assist on this case.

15             THE COURT:  Thank you.

16             MR. PARKER:  Good morning, Your Honor.

17   George Parker making an appearance before this

18   Honorable Court for Francis Nakamura, who is also

19   present.

20             MR. TONAKI:  Good morning, Your Honor.

21   Jack Tonaki on behalf of Regina Smith.  I'm standing

22   in for Timothy Ho.

23             THE COURT:  Okay.  Thank you.  Please

24   be seated.

25             Counsel, I do have just a few housekeeping

-4-

1   items.  I would like the record to reflect, thanks to

2   Miss Kubo, that there are clean sets of the

3   instructions sequenced in the order that the Court

4   expects to read them to the jury.  And I count 49

5   pages, although I think it should be 50 because I had

6   combined two instructions on one page.

7           Secondly, with respect to the verdict forms,

8   Mr. Minkin, have you had an opportunity to review

9   these?

10          MR. MINKIN:  Yes, Your Honor, I've

11  reviewed the verdict forms as to both defendants.

12  They appear to be in order and the State has no

13  objection to the verdict forms.

14          THE COURT:  And the jury communication

15  form?

16          MR. MINKIN:  The State has also

17  reviewed that and no objection in that it appears in

18  order.

19          THE COURT:  Thank you.

20      Mr. Parker?

21          MR. PARKER:  Yes, Your Honor, I've

22  reviewed the jury verdict forms as well as the jury

23  communication form with regard to Francis Nakamura.  I

24  have no objections.

25          THE COURT:  Thank you.

-5-

1              Mr. Tonaki?

2                   MR. TONAKI:  Your Honor, no objection

3      to the verdict forms and communication forms.

4                   THE COURT:  Thank you.

5              Secondly, with respect to the Court's

6      suggestion that a copy of the indictment be furnished

7      to the jury, I have reconsidered since I have heard

8      objections in our bench conference from Mr. Parker and

9      Mr. Tonaki, although I believe Mr. Minkin was

10     agreeable to doing so.  I will rely upon the jury

11     instructions to guide the jury as to the substance of

12     the counts.

13             Now, Mr. Parker, is that correct, you had

14     objected?

15                  MR. PARKER:  I had objected, Judge.

16     Thank you very much.

17                  THE COURT:  And, Mr. Tonaki?

18                  MR. TONAKI:  Yes, we had objected also,

19     Your Honor.

20                  THE COURT:  Okay.  Thirdly, with

21     respect to the, I guess, logistics, if counsel does

22     not object, I'd like to put it on record at this point

23     that, I take it, there will be an agreement by counsel

24     that the bailiff may take the jury to lunch without

25     the necessity of formally reconvening in open court;

-6-

1    secondly, that the clerk will notify you once the jury

2    panel is taken to lunch; thirdly, that if the jury

3    does not reach a verdict by the close of business,

4    which generally will be 4 o'clock, the bailiff may

5    excuse them with the admonishment not to discuss the

6    case and to have them return to the jury room to

7    resume their deliberations on the case at 8:30 the

8    next working day.  Does counsel agree to this?  Mr.

9    Minkin?

10              MR. MINKIN:  Your Honor, I have no

11   objection.  I would also recommend, I don't think it's

12   necessary to notify us if they go to lunch between

13   11:30 and noon, and come back between 1:00 and 1:30.

14              THE COURT:  No, I do need to notify you

15   because our luncheon times may vary and I expect that

16   counsel will be within instant contact by telephone

17   and at least a 15-minute radius of any physical bench

18   conferences we need to have or in person.  Thank you.

19              Mr. Parker?

20              MR. PARKER:  No objection, Judge.  The

21   only thing I would like to know is, if -- when you

22   call to let us know they're going to lunch, will you

23   please indicate to us where they are going?  I have

24   found in the past, I like to avoid where my jurors are

25   going because that can only hurt me.  Whether they

1  think I'm trying to curry favor or something else, for

2  me, I like to know where they are going so I don't go

3  there.  Otherwise, no objection.

4                THE COURT:  Okay.  Thank you.

5          Mr. Tonaki?

6                MR. TONAKI:  No objection.

7                THE COURT:  In addition, I take it, Mr.

8  Parker, does your client waive his presence at any

9  jury communication conferences?

10               MR. PARKER:  Yes, Judge.

11               THE COURT:  And how about Mr. Tonaki?

12               MR. TONAKI:  Yes, Your Honor.

13               THE COURT:  Okay.  Mr. Nakamura, is

14  that correct?

15               MR. PARKER:  If I may have a moment,

16  Judge?

17               THE COURT:  Sure.

18          (Counsel and client conferring.)

19               DEFENDANT NAKAMURA:  Yes.

20               THE COURT:  Okay.  And, Mr. Tonaki, you

21  had a chance to confer?

22               MR. TONAKI:  I've had a chance to

23  confer with Ms. Smith, Your Honor, and she is also

24  agreeable to that.

25               THE COURT:  Okay.

1          Now, Ms. Smith, you know that, for the

2    record, your attorney has the flu and Mr. Tonaki is

3    filling in.  That's the best arrangement we have

4    today.  It is not my intent to advise the jury as to

5    the reason for Mr. Ho's absence as it was not my

6    intent nor did I so inform the jury as to the reason

7    for Mr. Rosell's absence.

8          So, Ms. Smith, do you have any objection to

9    that?

10               DEFENDANT SMITH:  No, I don't.

11               THE COURT:  Okay.  Please be seated.

12          In addition, counsel will be notified by

13    telephone when the jury is released for the evening.

14    Please leave your telephone contact numbers with the

15    clerk of court.  And let this Court know if you have

16    an emergency that will necessitate your absence.

17          At this time I'd like to have the jury in so

18    we can get on with the jury instructions.

19          Anything further?  If not, thank you.

20          (The following proceedings were held in open

21    court in the presence of the jury:)

22               THE COURT:  Please be seated.  Please

23    recall the case.

24               THE CLERK:  Calling Family Court

25    Criminal Number 93-0001, State of Hawaii versus Regina

1    Smith and Francis Nakamura, Jr. for further jury

2    trial.

3            THE COURT:   Thank you.

4            The record will indicate the presence of the

5    jury.

6            Thank you for your patience, noting that

7    each of you have rushed to the courtroom.

8            Also, I will note that we have two

9    substitutions; that is Mr. Minkin on behalf of Mr.

10   Rosell for the State of Hawaii, and Mr. Jack Tonaki on

11   behalf of Mr. Ho who represents Ms. Smith.

12           So formally, for the record, I would like

13   their appearances starting with the prosecution.

14           MR. MINKIN:   Thank you, Your Honor.

15   Good morning.  David Minkin, Deputy Prosecuting

16   Attorney, on behalf of the State of Hawaii.  Also

17   present with me is June Morimatsu, paralegal assigned

18   to assist on this case.

19           MR. PARKER:   Good morning, Your Honor,

20   ladies and gentlemen of the jury.  George Parker

21   making an appearance before this Honorable Court.

22   Francis Nakamura is also present.

23           MR. TONAKI:   Good morning, Your Honor.

24   Jack Tonaki on behalf of Regina Smith.  Ms. Smith is

25   present.

-10-

1           THE COURT:  Thank you.

2           We talked about entering the final phase of

3  the trial process.  You indeed have been very diligent

4  in meeting your duties.  It is now the time for the

5  Court, as the judge of the law in the case, to give

6  you the specific legal instructions that will guide

7  you during your very important deliberations.

8           Remember four things, three of which will be

9  given to you in the jury deliberation room; all of the

10  official court exhibits.

11          And, for the record, I'd like to have Ms.

12  Kubo recite for counsel the exhibits that will go in

13  the packet.

14          Ms. Kubo, do you have those?

15          THE CLERK:  Be Exhibits 12, 20, 23, 26,

16  30, 31, 32 and 33, and those are State's.  And defense

17  S-3, which is for Ms. Smith, and S-4.

18          THE COURT:  Thank you.

19          Mr. Minkin, is that consistent with the

20  State's understanding?

21          MR. MINKIN:  Yes, Your Honor.

22          THE COURT:  Okay.  And Mr. Parker?

23          MR. PARKER:  Yes, Judge.

24          THE COURT:  And Mr. Tonaki?

25          MR. TONAKI:  Yes, Your Honor.

1           THE COURT:   Thank you.

2           Number two, you will receive a clean set of

3     the jury instructions.  And number three, you will

4     also receive a copy of what we call verdict forms.

5     And the instructions are obviously self-explanatory,

6     so please bear that in mind.  The fourth thing that

7     you will take into the jury deliberation room will be

8     your recollection, your independent and collective

9     recollection of what has been testified to by the

10    witnesses in the case or any of the evidence that was

11    proffered to you that is in evidence.  Remember that

12    the Court cannot furnish you with a transcript of

13    instant replay, so it's crucial that you remember

14    this.

15          At this time it is my duty to instruct you.

16    There are 50 pages of instructions.  I'd ask that you

17    pay very close attention to each of these instructions

18    as they will be your guide throughout your

19    deliberation.

20          The Court will now instruct you in the law

21    which you must follow in arriving at your verdict.

22          You are the exclusive judges of the facts of

23    this case.  However, you must follow these

24    instructions even though you may disagree.

25          You must consider all of the instructions

1    together and consider each instruction in light of all
2    the others.  Do not single out or give greater
3    emphasis to any word, phrase, sentence or instruction
4    and ignore the others even if it is repeated.  The
5    order in which the instructions are given is not
6    important.
7         You must consider only the evidence which
8    has been presented to you in this case in light of
9    your own observations, life experiences and common
10   sense.
11        The indictment is a mere formal accusation
12   and it is not evidence of either defendants' guilt.
13   You must not be influenced at all because each
14   defendant has been charged with offenses.
15        Trial procedures are governed by rules.
16   When an attorney believes that the rules require it,
17   it is the attorney's duty to raise an objection.  It
18   is the duty of the trial judge to rule on such
19   objections.  Do not consider for any purpose the
20   nature or number of objections made during the trial
21   by any attorney.
22        Anything said by the attorneys is not
23   evidence.  You should consider what they have said to
24   you, but you are not bound by what they remember or
25   how they see the evidence.  You must also disregard

-13-

1    anything I said unless it was an instruction to you.

2         If I have in any way suggested or expressed

3    to you that I favor one side or the other, or how I

4    would resolve any issue in this case, I instruct you

5    to disregard it.

6         You must not be influenced by pity for

7    either defendant, or by passion or prejudice against

8    either defendant.  Both the prosecution and each

9    defendant have a right to demand, and they do demand

10   and expect, that you will be -- excuse me, that you

11   will conscientiously and dispassionately consider and

12   weigh all the evidence and follow these instructions

13   and that you will reach a just verdict.

14        You must presume each defendant is innocent

15   of the charges.  This presumption remains with each

16   defendant throughout the trial of the case unless and

17   until the prosecution proves each defendant guilty

18   beyond a reasonable doubt.

19        The presumption of innocence is not a mere

20   slogan but an essential part of the law that you must

21   follow.  It places upon the prosecution the duty of

22   proving every material element of the offenses charged

23   against each defendant beyond a reasonable doubt.

24        You must not find each defendant guilty upon

25   mere suspicion or upon evidence which only shows that

-14-

1    each defendant is probably guilty.  What the law

2    requires is not suspicion, not probabilities, but

3    proof of each defendant's guilt beyond a reasonable

4    doubt.

5         What is reasonable doubt -- or what is a

6    reasonable doubt?

7         It is a doubt in your mind about each

8    defendant's guilt which arises from the evidence

9    presented or from the lack of evidence and which is

10   based upon reason and common sense.

11        Each of you must decide individually whether

12   there is or is not such a doubt in your mind after

13   careful and impartial consideration of the evidence.

14        Be mindful, however, that a doubt which has

15   no basis in the evidence, or the lack of evidence, or

16   a doubt which is based upon imagination, suspicion, or

17   a doubt -- excuse me, or mere speculation or guesswork

18   is not reasonable doubt.

19        What is proof beyond a reasonable doubt?

20        If, after consideration of the evidence and

21   the law, you have a reasonable doubt of each

22   defendant's guilt, then the prosecution has not proved

23   each defendant's guilt beyond a reasonable doubt and

24   it is your duty to find each defendant not guilty.

25        If, after consideration of the evidence and

-15-

1    the law, you do not have a reasonable doubt of each

2    defendant's guilt, then the prosecution has proved

3    each defendant's guilt beyond a reasonable doubt and

4    it is your duty to find each defendant guilty.

5            You must disregard entirely any matter which

6    the Court has ordered stricken.

7            You must accept as conclusively proved any

8    fact to which the parties made -- or, excuse me, have

9    stipulated.

10            There are two types of evidence -- direct

11    evidence, such as the testimony of an eyewitness, and

12    circumstantial evidence, which permits a reasonable

13    inference of the existence of another fact.

14            The law makes no distinction between direct

15    and circumstantial evidence.  Facts may be proved by,

16    and the jury may consider and rely on either or both

17    direct and circumstantial evidence.

18            While you must consider all of the evidence

19    in determining the facts in this case, this does not

20    mean that you must give every bit of evidence the same

21    weight.  You are the sole judges of the effect and

22    value of the evidence.

23            You, as jurors, are the sole judges of the

24    credibility of all witnesses and the weight their

25    testimony deserves.  It is your exclusive right to

1    determine whether and to what extent a witness should

2    be believed and to give weight to the testimony

3    accordingly.  In evaluating a witness, you may

4    consider the witness' appearance and demeanor; manner

5    of testifying; intelligence; apparent candor or

6    frankness, or lack thereof; interest, if any, in the

7    result of this case; any relation to any party;

8    temper, feeling or bias; and means and opportunity of

9    acquiring information.  You may also consider the

10   probability or improbability of the witness'

11   testimony; whether the witness is supported or

12   contradicted by other evidence; whether the witness

13   has made contradictory statements during the trial or

14   at other times; and all other circumstances

15   surrounding the witness and bearing upon the witness'

16   credibility.

17        Inconsistencies or discrepancies in the

18   testimony of a witness, or between the testimony of

19   different witnesses, may or may not cause the jury to

20   discredit such testimony.  In weighing the effect of

21   inconsistencies or discrepancies, consider whether

22   they concern matters of importance or only matters of

23   unimportant detail, and whether they result from

24   innocent error or from willful lying.

25        If you find that a witness has intentionally

1  lied or overstated or tried to hide any important

2  fact, then you may reject all or any part of that

3  witness' testimony.

4       You are not bound to decide a fact one way

5  or the other just because more witnesses testify on

6  one side than the other.  It is testimony that has a

7  convincing force upon you that counts, and the

8  testimony of even a single witness, if believed, can

9  be sufficient to prove a fact.

10      The prosecution is not required to call as

11  witnesses all persons who may have been present at any

12  of the events disclosed by the evidence or who may

13  appear to have some knowledge of these events, or to

14  produce all objects or documents mentioned or

15  suggested by the evidence.

16      Each defendant has no duty or obligation to

17  call any witnesses or produce any evidence.

18      Each defendant in this case has testified.

19  When each defendant testifies, his or her credibility

20  is to be tested in the same manner as any other

21  witness.

22      Several times during the trial certain

23  evidence was allowed into this trial only for a

24  particular and limited purpose.  When you consider

25  that evidence, you must limit your consideration to

1    that purpose only.

2            During the trial you heard the testimony of

3    one or more witnesses who were described as experts.

4            Training and experience may make a person an

5    expert in a particular field.  The law -- excuse me,

6    the law allows that person to state an opinion about

7    matters in that field.  Merely because such a witness

8    has expressed an opinion does not mean, however, that

9    you must accept this opinion.  It is up to you to

10   decide whether to accept this testimony and how much

11   weight to give it.  You must also decide whether the

12   witness' opinions were based on sound reasons,

13   judgment and information.

14           Counts 6, 7, 8, 9, 11, 18, 19, 20 and 21 in

15   this case have been charged against Defendant Francis

16   Nakamura, Jr.

17           Counts 1, 2, 3, 4, 5, 13, 14, 15, 16 and 17

18   in this case have been charged against Defendant

19   Regina Smith.

20           You must give separate consideration to the

21   evidence that applies to each individual defendant.

22   You must consider separately each count charged

23   against each individual defendant.

24           Each defendant is entitled to have his or

25   her case decided solely on the evidence that applies

-19-

1    to him or her.  Some of the evidence in this case was

2    limited to one of the defendants and cannot be

3    considered in the cases of the other.  You must limit

4    your consideration of that evidence to the defendant

5    as to whom the evidence was admitted.

6         Our State law defines, quote, knowingly,

7    unquote, as follows:

8         A person acts knowingly with respect to his

9    or her conduct when he or she is aware that his or her

10   conduct is of that nature.

11        A person acts knowingly with respect to

12   attendant circumstances when he or she is aware that

13   such circumstances exist.

14        A person acts knowingly with respect to a

15   result of his or her conduct when he or she is aware

16   that it is practically certain that his or her conduct

17   will cause such a result.

18        The state of mind which a person commits an

19   act such as, quote, knowingly, unquote, may be proved

20   by circumstantial evidence.  While an eyewitness can

21   give direct evidence of what a person did or didn't

22   do, there can be no eyewitness to a person's state of

23   mind.  But what a person does or fails to do may or

24   may not indicate the state of mind with which he or

25   she does or refrains from doing an act.

-20-

1    In Count 6, Defendant Francis Nakamura, Jr.
2    is charged with the offense of Sexual Assault in the
3    First Degree.

4    A person commits the offense of Sexual
5    Assault in the First Degree if he knowingly subjects
6    to sexual penetration another person who is less than
7    14 years old.

8    There are three material elements to this
9    offense, each of which must be proven by the
10   prosecution beyond a reasonable doubt.  The three
11   elements are:

12   One, that Francis Nakamura, Jr. subjected
13   Alisha Perry to sexual penetration by inserting his
14   penis into her vagina;

15   Two, that Francis Nakamura, Jr. did so
16   knowingly; and

17   Three, at the time of the incident, Alisha
18   Perry was less than 14 years old.

19   In Count 7, Defendant Francis Nakamura, Jr.
20   is charged with the offense of Sexual Assault in the
21   First Degree.

22   A person commits the offense of Sexual
23   Assault in the First Degree if he knowingly subjects
24   to sexual penetration another person who is less than
25   14 years old.

-21-

1      There are three material elements to this

2   offense, each of which must be proven by the

3   prosecution beyond a reasonable doubt.

4      The three elements are:

5      One, that Francis Nakamura, Jr. subjected

6   Alisha Perry to sexual penetration by inserting his

7   penis into her mouth;

8      Two, that Francis Nakamura, Jr. did so

9   knowingly; and

10     Three, at the time of the incident, Alisha

11  Perry was less than 14 years old.

12     In Count 8, Defendant Francis Nakamura, Jr.

13  is charged with the offense of Sexual Assault in the

14  First Degree.

15     A person commits the offense of Sexual

16  Assault in the First Degree if he knowingly subjects

17  to sexual penetration another person who is less than

18  14 years old.

19     There are three material elements to this

20  offense, each of which must be proven by the

21  prosecution beyond a reasonable doubt.

22     The three elements are:

23     One, that Francis Nakamura, Jr. subjected

24  Alisha Perry to sexual penetration by inserting his

25  finger into her vagina;

-22-

1  　　　　　Two, that Francis Nakamura, Jr. did so

2  knowingly; and

3  　　　　　Three, at the time of the incident, Alisha

4  Perry was less than 14 years old.

5  　　　　　In Count 9, Defendant Francis Nakamura, Jr.

6  is charged with the offense of Sexual Assault in the

7  First Degree.

8  　　　　　A person commits the offense of Sexual

9  Assault in the First Degree if he knowingly subjects

10  to sexual penetration another person who is less than

11  14 years old.

12  　　　　　There are three material elements to this

13  offense, each of which must be proven by the

14  prosecution beyond a reasonable doubt.

15  　　　　　The three elements are:

16  　　　　　One, that Francis Nakamura, Jr. subjected

17  Alisha Perry to sexual penetration by inserting his

18  toe into her vagina;

19  　　　　　Two, that Francis Nakamura, Jr. did so

20  knowingly; and

21  　　　　　Three, at the time of the incident, Alisha

22  Perry was less than 14 years old.

23  　　　　　In Count 11, Francis Nakamura, Jr. is

24  charged with the offense of Sexual Assault in the

25  First Degree -- excuse me, strike that.

-23-

1          In Count 11, Francis Nakamura, Jr. is

2   charged with the offense of Sexual Assault in the

3   Third Degree.

4          A person commits the offense of Sexual

5   Assault in the Third Degree if he knowingly has sexual

6   contact with another person who is less than 14 years

7   old and not his spouse.

8          There are four material elements to this

9   offense, each of which must be proven by the

10   prosecution beyond a reasonable doubt.

11          The four elements are:

12          One, that Francis Nakamura, Jr. had sexual

13   contact with Alisha Perry by placing his hand on her

14   breast;

15          Two, that Francis Nakamura did so knowingly;

16          Three, at the time of the incident, Alisha

17   Perry was less than 14 years old; and

18          Four, at the time of the incident, Alisha

19   Perry was not married to Francis Nakamura.

20          In Count 18, Defendant Francis Nakamura, Jr.

21   is charged with the offense of Sexual Assault in the

22   First Degree.

23          A person commits the offense of Sexual

24   Assault in the First Degree if he knowingly subjects

25   to sexual penetration another person who is less than

1  14 years old.

2       There are three material elements to this

3  offense, each of which must be proven by the

4  prosecution beyond a reasonable doubt.

5       The three elements are:

6       One, that Francis Nakamura, Jr. subjected

7  Jana Perry to sexual penetration by inserting his

8  penis into her vagina;

9       Two, that Francis Nakamura, Jr. did so

10  knowingly; and

11       Three, at the time of the incident, Jana

12  Perry was less than 14 years old.

13       In Count 19, Defendant Francis Nakamura, Jr.

14  is charged with the offense of Sexual Assault in the

15  First Degree.

16       A person commits the offense of Sexual

17  Assault in the First Degree if he knowingly subjects

18  to sexual penetration another person who is less than

19  14 years old.

20       There are three material elements to this

21  offense, each of which must be proven by the

22  prosecution beyond a reasonable doubt.

23       The three elements are:

24       One, that Francis Nakamura, Jr. subjected

25  Jana Perry to sexual penetration by inserting his

-25-

1    penis into her mouth;

2              Two, that Francis Nakamura, Jr. did so

3    knowingly; and

4              Three, at the time of the incident, Jana

5    Perry was less than 14 years old.

6              In Count 20, Defendant Francis Nakamura, Jr.

7    is charged with the offense of Sexual Assault in the

8    First Degree.

9              A person commits the offense of Sexual

10   Assault in the First Degree if he knowingly subjects

11   to sexual penetration another person who is less than

12   14 years old.

13             There are three material elements to this

14   offense, each of which must be proven by the

15   prosecution beyond a reasonable doubt.

16             The three elements are:

17             One, that Francis Nakamura, Jr. subjected

18   Jana Perry to sexual penetration by inserting his

19   finger into her vagina;

20             Two, that Francis Nakamura, Jr. did so

21   knowingly; and

22             Three, at the time of the incident, Jana

23   Perry was less than 14 years old.

24             In Count 21, Defendant Francis Nakamura, Jr.

25   is charged with the offense of Sexual Assault in the

1  First Degree.

2          A person commits the offense of Sexual

3  Assault in the First Degree if he knowingly subjects

4  to sexual penetration another person who is less than

5  14 years old.

6          There are three material elements to this

7  offense, each of which must be proven by the

8  prosecution beyond a reasonable doubt.

9          The three elements are:

10         One, that Francis Nakamura, Jr. subjected

11  Jana Perry to sexual penetration by inserting his toe

12  into her vagina;

13         Two, that Francis Nakamura, Jr. did so

14  knowingly; and

15         Three, at the time of the incident, Jana

16  Perry was less than 14 years old.

17         In Count 1, Defendant Regina Smith is

18  charged with the offense of Sexual Assault in the

19  First Degree.

20         A person commits the offense of Sexual

21  Assault in the First Degree if she knowingly subjects

22  to sexual penetration another person who is less than

23  14 years old.

24         There are three material elements to this

25  offense, each of which must be proven by the

1    prosecution beyond a reasonable doubt.

2              The three elements are:

3              One, that Regina Smith subjected Alisha

4    Perry to sexual penetration by placing Regina Smith's

5    mouth on Alisha Perry's vagina;

6              Two, that Regina Smith did so knowingly; and

7              Three, at the time of the incident, Alisha

8    Perry was less than 14 years old.

9              In Count 2, Defendant Regina Smith is

10   charged with the offense of Sexual Assault in the

11   First Degree.

12             A person commits the offense of Sexual

13   Assault in the First Degree if she knowingly subjects

14   to sexual penetration another person who is less than

15   14 years old.

16             There are three material elements to this

17   offense, each of which must be proven by the

18   prosecution beyond a reasonable doubt.

19             The three elements material -- excuse me,

20   the three elements are:

21             One, that Regina Smith subjected Alisha

22   Perry to sexual penetration by placing Alisha Perry's

23   mouth on Regina Smith's vagina;

24             Two, that Regina Smith did so knowingly; and

25             Three, at the time of the incident, Alisha

1    Perry was less than 14 years old.

2           In Count 3, Defendant Regina Smith is

3    charged with the offense of Sexual Assault in the

4    First Degree.

5           A person commits the offense of Sexual

6    Assault in the First Degree if she knowingly subjects

7    to sexual penetration another person who is less than

8    14 years old.

9           There are three material elements to this

10   offense, each of which must be proven by the

11   prosecution beyond a reasonable doubt.

12          The three elements are:

13          One, that Regina Smith subjected Alisha

14   Perry to sexual penetration by placing Regina Smith's

15   finger in Alisha Perry's vagina;

16          Two, that Regina Smith did so knowingly; and

17          Three, at the time of the incident, Alisha

18   Perry was less than 14 years old.

19          In Count 4, Regina Smith is charged with the

20   offense of Sexual Assault in the Third Degree.

21          A person commits the offense of Sexual

22   Assault in the Third Degree if she knowingly has

23   sexual contact with another person who is less than 14

24   years old and not her spouse.

25          There are four material elements to this

1     offense, each of which must be proven by the

2     prosecution beyond a reasonable doubt.

3            The four elements are:

4            One, that Regina Smith had sexual contact

5     with Alisha Perry by placing Alisha Perry's hand on

6     Regina Smith's vagina;

7            Two, that Regina Smith did so knowingly;

8            Three, at the time of the incident, Alisha

9     Perry was less than 14 years old; and

10            Four, at the time of the incident, Alisha

11     Perry was not married to Regina Smith.

12            In Count 5, Regina Smith is charged with the

13     offense of Sexual Assault in the Third Degree.

14            A person commits the offense of Sexual

15     Assault in the Third Degree if she knowingly has

16     sexual contact with another person who is less than 14

17     years old and not her spouse.

18            There are four material elements to this

19     offense, each of which must be proven by the

20     prosecution beyond a reasonable doubt.

21            The four elements are:

22            One, that Regina Smith had sexual contact

23     with Alisha Perry by placing Regina Smith's hand on

24     Alisha Perry's breast;

25            Two, that Regina Smith did so knowingly;

-30-

1          Three, at the time of the incident, Alisha

2    Perry was less than 14 years old; and

3          Four, at the time of the incident, Alisha

4    Perry was not married to Regina Smith.

5          In Count 13, Defendant Regina Smith is

6    charged with the offense of Sexual Assault in the

7    First Degree.

8          A person commits the offense of Sexual

9    Assault in the First Degree if she knowingly subjects

10   to sexual penetration another person who is less than

11   14 years old.

12         There are three material elements to this

13   offense, each of which must be proven by the

14   prosecution beyond a reasonable doubt.

15         The three elements are:

16         One, that Regina Smith subjected Jana Perry

17   to sexual penetration by placing Regina Smith's mouth

18   on Jana Perry's vagina;

19         Two, that Regina Smith did so knowingly; and

20         Three, at the time of the incident, Jana

21   Perry was less than 14 years old.

22         In Count 14, Defendant Regina Smith is

23   charged with the offense of Sexual Assault in the

24   First Degree.

25         A person commits the offense of Sexual

1    Assault in the First Degree if she knowingly subjects

2    to sexual penetration another person who is less than

3    14 years old.

4              There are three material elements to this

5    offense, each of which must be proven by the

6    prosecution beyond a reasonable doubt.

7              The three elements are:

8              One, that Regina Smith subjected Jana Perry

9    to sexual penetration by placing Jana Perry's mouth on

10   Regina Smith's vagina;

11             Two, that Regina Smith did so knowingly; and

12             Three, at the time of the incident, Jana

13   Perry was less than 14 years old.

14             In Count 15, Regina Smith is charged with

15   the offense of Sexual Assault in the Third Degree.

16             A person commits the offense of Sexual

17   Assault in the Third Degree if she knowingly has

18   sexual contact with another person who is less than 14

19   years old and not her spouse.

20             There are four material elements to this

21   offense, each of which must be proven by the

22   prosecution beyond a reasonable doubt.

23             The four elements are:

24             One, that Regina Smith had sexual contact

25   with Jana Perry by placing Jana Perry's hand on Regina

-32-

1    Smith's vagina;

2           Two, that Regina Smith did so knowingly;

3           Three, at the time of the incident, Jana

4    Perry was less than 14 years old; and

5           Four, at the time of the incident, Jana

6    Perry was not married to Regina Smith.

7           In Count 16, Regina Smith is charged with

8    the offense of Sexual Assault in the Third Degree.

9           A person commits the offense of Sexual

10   Assault in the Third Degree if she knowingly has

11   sexual contact with another person who is less than 14

12   years old and not her spouse.

13          There are four material elements to this

14   offense, each of which must be proven by the

15   prosecution beyond a reasonable doubt.

16          The four elements are:

17          One, that Regina Smith had sexual contact

18   with Jana Perry by placing Regina Smith's hand on Jana

19   Perry's vagina;

20          Two, that Regina Smith did so knowingly;

21          Three, at the time of the incident, Jana

22   Perry was less than 14 years old; and

23          Four, at the time of the incident, Jana

24   Perry was not married to Regina Smith.

25          In Count 17, Regina Smith is charged with

1    the offense of Sexual Assault in the Third Degree.

2            A person commits the offense of Sexual

3    Assault in the Third Degree if she knowingly has

4    sexual contact with another person who is less than 14

5    years old and not her spouse.

6            There are four material elements to this

7    offense, each of which must be proven by the

8    prosecution beyond a reasonable doubt.

9            The four elements are:

10           One, that Regina Smith had sexual contact

11   with Jana Perry by placing Regina Smith's hand on Jana

12   Perry's breast;

13           Two, that Regina Smith did so knowingly;

14           Three, at the time of the incident, Jana

15   Perry was less than 14 years old; and

16           Four, at the time of the incident, Jana

17   Perry was not married to Regina Smith.

18           Quote, sexual penetration, unquote, means

19   vaginal intercourse, anal intercourse, fellatio,

20   cunnilingus, analingus, deviate sexual intercourse, or

21   any intrusion of any part of a person's body or of any

22   object into the genital or anal opening of another

23   person's body; it occurs upon any penetration, however

24   slight, but emission is not required.  Each act of

25   sexual penetration shall constitute a separate

-34-

1    offense.

2            Quote, sexual contact, unquote, means any

3    touching of the sexual or other intimate parts of a

4    person not married to the actor, or of the sexual or

5    other intimate parts of the actor by the person,

6    whether directly or through the clothing or other

7    material intended to cover the sexual or other --

8    excuse me, or other intimate parts.

9            Quote, cunnilingus, unquote, means the act,

10   practice, or technique of orally stimulating the

11   female genitalia.

12           Cunnilingus also includes the stimulation of

13   the vulva, or clitoris, with the lips or tongue.

14           You must not discuss or consider the subject

15   of penalty or punishment in your deliberations of this

16   case.

17           A verdict must represent the considered

18   judgment of each juror, and in order to return a

19   verdict, it is necessary that all 12 jurors agree to

20   it.  In other words, your verdict must be unanimous.

21           Each of you must decide the case for

22   yourself, but it is your duty to talk to one another

23   and to deliberate with a purpose of reaching an

24   agreement, if you can do so without violating your

25   individual judgment.  During your deliberations, do

-35-

1    not hesitate to re-examine your own views and change

2    your opinion if convinced it is wrong.  But do not

3    give up your honest belief as to the weight or effect

4    of evidence for the mere purpose of returning a

5    verdict.

6            Upon retiring to the jury room, elect one of

7    your members as foreperson to preside over your

8    deliberations and be your spokesperson in court.  You

9    may take as much time as you feel is necessary for

10   your deliberations.  You may inform the Court if you

11   have any questions or do not understand the Court's

12   instructions.

13           When you reach a verdict, the foreperson

14   must sign and date the appropriate verdict form.

15           Until you are through with your

16   consideration of this case, it is necessary from this

17   time that you remain together as a group.  A bailiff

18   and two clerks will be sworn to attend you.

19           Counsel, I've added "two clerks" because of

20   our staffing situation.

21           A bailiff and two clerks will be sworn to

22   attend you and help with problems you may have.  If

23   you need to communicate with the Court, send a note

24   through the bailiff.  Please do not attempt to

25   communicate with the Court except in writing.

-36-

1    All of the evidence that you may consider in

2    deciding this case has been presented to you during

3    the trial.  At all times, including your breaks from

4    deliberations and when you are released to go home in

5    the late afternoon, you must not attempt to gather any

6    other information on your own which you think might be

7    helpful.  Do not engage in any outside reading on any

8    matter having anything to do with this case.  Do not

9    refer to dictionaries or other outside sources.  Do

10   not visit any places mentioned in this case.  Do not

11   in any other way try to learn about the case outside

12   the courtroom.

13   You must not discuss this case with anyone

14   or permit anyone to discuss this case with you.  You

15   must not read or listen to news accounts about this

16   case, if there are any.

17   You must not discuss this case with any

18   person other than members of the jury.  You must not

19   reveal to the Court or to any other person how the

20   jury stands, numerically or otherwise, until you have

21   reached a unanimous verdict and it has been received

22   by the Court.

23   As to each count, you may bring in either

24   one of the following verdicts:

25   One, not guilty; or

1          Two, guilty as charged.

2          Your verdict must be unanimous.

3          After a verdict has been reached and your

4    foreperson has signed and dated the verdict forms, you

5    will notify the bailiff and court will be reconvened

6    to receive the verdict.

7          May I have counsel at the bench with the

8    reporter, please.

9      (The following proceedings were held at the bench:)

10          THE COURT:  With respect to the reading

11    of the instructions, are there any objections?

12              MR. MINKIN:  None.

13          THE COURT:  Mr. Parker?

14              MR. PARKER:  None.

15          THE COURT:  Mr. Tonaki?

16              MR. TONAKI:  No objections.

17          THE COURT:  Thank you.  Thank you.

18              (End of bench conference.)

19          THE COURT:  As further background for

20    the members of the jury, you may have heard stories

21    about jury deliberations going into the late evening

22    or being sequestered.  These things generally do not

23    happen.

24          If you are unable to reach a verdict, you

25    will be excused at 4 o'clock, as the preference of the

-38-

1    staff because of the need to transport our court

2    reporter and other staff back to the Circuit

3    Courthouse.  In which case, if you are unable to reach

4    a verdict by 4 o'clock each day, you will then be

5    directed to return at 8:30 the following day to

6    continue your deliberations.

7         While the Court does not discourage the use

8    of the written communication forms, please be aware

9    that due to mandatory procedures, it generally takes

10   up to 45 minutes or more to respond to you.  Even

11   though we are in the age of technological advances, it

12   is simply not physically possible for the Court to be

13   able to confer with counsel and return a response to

14   you in very short order.

15        Please also be aware that the Court cannot

16   provide you, as I mentioned, with a transcript of the

17   testimony that was given during the trial.

18        To assist you in performing your duties,

19   Miss Fontanilla will be providing you with the items

20   I've gone over; the verdict forms, the exhibits, a

21   copy of the instructions you've just received, and any

22   other supplies that you may require, such as paper,

23   pen, tape or note paper.

24        At this time, with respect to our diligent

25   alternates, and that would be Miss Rapoza, Mr.

-39-

1    Strezepek and also Mr. Guzman, I wish to let you know

2    that we appreciate the time and effort you have

3    devoted to the case.  But now that we do have the full

4    panel, it would be my duty to excuse you from further

5    service with the thanks of the Court.

6              I'd like to have you wait a few minutes,

7    please, because Ms. Fontanilla will need to process

8    you out.

9              And also, Madam Bailiff, I would like to see

10   the three alternates in chambers to thank them.

11             And further, if Mr. Strezepek, Mr. Guzman

12   and Miss Rapoza could excuse themselves from the box

13   to sit next to the bailiff.  Actually, Miss

14   Fontanilla, perhaps they can wait in chambers and I'll

15   be there shortly.

16                             (Alternate jurors excused)

17             THE COURT:  Thank you.

18             And at this time, could I have Miss Adeline

19   Fontanilla raise her right hand, Miss Dawn Ching and

20   Miss Edith Kubo for the oath.

21             (The bailiff and two clerks were sworn to

22   take charge of the jury during deliberations.)

23             THE COURT:  At this time a bailiff has

24   been sworn to attend you.  Miss Fontanilla will be

25   directing your further schedule and activities.

1        At this time the members of the jury are

2  excused to the deliberation room.

3        (At 11:39 a.m. the jury retired to commence

4  its deliberations.)

5            THE COURT:  The record will indicate

6  that the jury has been excused from the courtroom.

7            Counsel, may I direct your further attention

8  to the procedure, again, that we will be utilizing on

9  any jury communications.  That the Court will attempt

10  to propose a mutual response.  If there is an

11  agreement, then a minute order will enter after we've

12  made contact with you.  If there is no agreement, I

13  would ask counsel that you refer to item 13(a) and (b)

14  on the jury trial guidelines.  Each of you now have a

15  copy?

16            MR. PARKER:  Yes.

17            MR. MINKIN:  Yes.

18            THE COURT:  Mr. Minkin?

19            MR. MINKIN:  Yes, Your Honor.

20            THE COURT:  And Mr. Tonaki?

21            MR. TONAKI:  Yes.

22            THE COURT:  Any questions?

23            MR. PARKER:  No.

24            THE COURT:  All right.  Thank you.  We

25  stand in recess.

-41-

1          If counsel, again, will furnish their phone

2   numbers to the court clerk.  Thank you.

3          (Whereupon, the proceedings recessed at

4   11:40 a.m., September 27, 1993.)

5                  ---oooOOOooo---

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

-42-

1                    C E R T I F I C A T E

2

3    STATE OF HAWAII                    )
                                        )
4    CITY AND COUNTY OF HONOLULU   )

5

6

7

8         I, CYNTHIA TANDO, an official court reporter

9    of the Circuit Court of the First Circuit, State of

10   Hawaii, do hereby certify that the foregoing pages

11   numbered 1 through 41 contain a true and accurate

12   transcript of the proceedings had in connection with

13   the above-entitled matter.

14         Dated this 16th day of December, 1993.

15

16

17

18                    *Cynthia Tando*
                      _____
19                    CYNTHIA TANDO, C.S.R. No. 288

20

21

22

23

24

25