PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii

ALEXANDER SILVERT
First Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:     alexander_silvert@fd.org

Attorney for Petitioner
REGINA SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REGINA SMITH, | ) CIV. NO. 04-00091 HG/KSC |
| | ) |
| Petitioner, | ) PETITIONER'S REPLY TO STATE'S |
| | ) SECOND MEMORANDUM OF LAW |
| vs. | ) IN OPPOSITION TO PETITION FOR |
| | ) WRIT OF HABEAS CORPUS; |
| JOHN F. PEYTON, Director, | ) CERTIFICATE OF SERVICE |
| Department of Public Safety, State of | ) |
| Hawaii; and MILLICENT | ) |
| NEWTON-EMBRY, Warden, Mabel | ) |
| Bassett Correctional Center, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**PETITIONER'S REPLY TO STATE'S
SECOND MEMORANDUM  OF LAW IN OPPOSITION
TO PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner writes in reply to clarify one argument relating to Dr.

Bidwell's testimony.  The State argues that since the children testified, there can

be no due process and/or confrontation clause violation by virtue of Dr. Bidwell's testimony relating to what the children said during his examination of them. The State's argument, however, misses the point.[1]

First, Dr. Bidwell should not have been permitted to testify, period. He was not a treating physician and, therefore, his entire testimony violated both the due process clause and confrontation clause of the United States Constitution. In this regard, it is irrelevant whether the children testified. Improper testimony which simply serves to bolster or vouch for the testimony of another witness is not permissible. It is of importance to note that the children testified *before* Dr. Bidwell took the witness stand and that neither child was asked by the prosecution during their direct examination what they had said to Dr. Bidwell. As such, there was no cross examination of the children regarding this issue because it had not been brought up on direct examination *and* because Dr. Bidwell had not yet testified and, at that point in the trial, may never have been called as a witness. That decision had yet to be made by the prosecution.

---

[1] Petitioner acknowledges that this reply memorandum is untimely. However, due to counsel's unavailability to address the State's memorandum prior to this date due to counsel's work in the potential death penalty case of United States v. Delilah Williams, Cr. No. 06-00079 DAE, counsel has not been able to review and/or file a reply in this matter until now. Knowing that this reply is late, however, counsel has elected to keep his response limited. Therefore, Petitioner would respectfully ask the Court to accept this memorandum of law.

Second, in light of the United States Supreme Court's recent decision in Crawford v. Washington, 541 U.S. 36 (2004), there can be little doubt that Dr. Bidwell's testimony regarding what the children said constituted improper hearsay testimony which violated the Petitioner's confrontation and due process rights. The Supreme Court's decision in Crawford dramatically changed the landscape in regards to the confrontation and due process clauses of the United States Constitution in criminal cases, rendering many prior decisions invalid. The State argues, without citing to Crawford, that simply because the children testified, there was no due process or confrontation clause violation when Dr. Bidwell later testified to statements made by the children. In essence, the State argues that confrontation and due process concerns regarding the admission of otherwise improper hearsay testimony vanish if the person(s) who the hearsay testimony relates to takes the witness stand and is thus available from cross. This has never been the law and certainly cannot withstand judicial scrutiny in light of Crawford. Here, the fact that the children testified does not answer the Crawford violation created by Dr. Bidwell's testimony, rather it compounds it.

Nor does the State's argument correctly reflect what occurred at trial in terms of the sequence of the testimony by the various witnesses. When the children testified, in their own words, as to their alleged sexual abuse at the hands

of their mother and her boyfriend, the State never asked them about what they had said to Dr. Bidwell during his examination. This issue was simply never addressed during their testimony. And for good reason, Dr. Bidwell had not yet testified and even the State had to know that it would have constituted improper credibility testimony for the State to have elicited from the children their alleged prior consistent statements (the statements made to Dr. Bidwell) before the children's credibility had even been attacked on cross. Moreover, it would have been improper for the defense to question the children on cross examination, at that stage of the trial, regarding what they had said to Dr. Bidwell as it would have been beyond the scope of direct examination and, most importantly, irrelevant since the very fact that any examination by a doctor had been conducted was not yet in evidence and may never have been put into evidence by the State. Given that Dr. Bidwell had no yet testified and may not have testified if the State had chosen not to call him as a witness, it would have been unimaginable for the defense to sua sponte question the children about this examination during the cross examination of the children.

        Only after the children had testified, *but not about what they had said during their examination by Dr. Bidwell*, did the State elect to call Dr. Bidwell to the stand. Given that the children had not been subject to cross examination as to

their examination by Dr. Bidwell, the only effect Dr. Bidwell's testimony could have had was to improperly bolster and/or vouch for their credibility. Rather than judging the children's credibility based upon their own testimony - which was the critical factor in the case given the complete lack of corroborating evidence - the jury was then subject to the improper influence of Dr. Bidwell's testimony to accept the truth of the children's own testimony. The sole effect of Dr. Bidwell's improper hearsay testimony was to bolster and/or vouch for the subsequent testimony of the two children. It could serve no other purpose.

      The fact that the children were subject to cross examination does not affect this fundamental error, particularly given the sequence of the testimony at trial. A sequence of events that occurred solely and exclusively due to the decision-making process of the prosecutor. As such, the testimony of Dr. Bidwell was improper and the State's argument that it was saved by the fact that the children themselves testified is both legally and factually flawed. In light of <u>Crawford</u>, this error violated clearly established Supreme Court law and/or was an

unreasonable application of clearly established federal law, both as to the confrontation clause and due process clause of the Constitution.

DATED:  Honolulu, Hawaii, December 8, 2006.


  /s/ Alexander Silvert
ALEXANDER SILVERT
Attorney for Petitioner
REGINA SMITH

## CERTIFICATE OF SERVICE

I, ALEXANDER SILVERT, hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses on December 8, 2006:

Served Electronically through CM/ECF:

    DANIEL H. SHIMIZU
    dshimizu@honolulu.gov
    Deputy Prosecuting Attorney
    City and County of Honolulu
    1060 Richards Street
    Honolulu, Hawaii  96813

DATED:  Honolulu, Hawaii, December 8, 2006.

    /s/ Alexander Silvert
    ALEXANDER SILVERT
    Attorney for Petitioner
    REGINA SMITH